**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTINE SAHYERS, on behalf of herself and others similarly situated,**

**Plaintiff,**

**vs.** **Case No.**
**COLLECTIVE ACTION**

**PRUGH, HOLLIDAY & KARATINOS, P.L., a Florida Limited Liability Corporation, TIMOTHY F. PRUGH, JAMES W. HOLLIDAY II and THEODORE KARATINOS,**

**Defendants.**
______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Christine Sahyers ("Sahyers" or "Plaintiff") on behalf of herself and others similarly situated, hereby sues Defendants Prugh, Holliday & Karatinos, P.L., a Florida Limited Liability Corporation ("Prugh, Holliday & Karatinos"), Timothy F. Prugh, James W. Holliday II and Theodore Karatinos (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation and liquidated damages owed to Plaintiff and all others similarly situated who are or were employed by Defendants.

2. During the three years prior to the filing of this action ("Liability Period"), Defendants had a policy and practice of requiring or permitting employees to work in

excess of forty (40) hours in each workweek without paying them time and one half their regular rate as required by the FLSA.

3. Pursuant to the FLSA, Plaintiff, on behalf of Plaintiff and others similarly situated, seeks overtime compensation, liquidated damages, post-judgment interest and attorneys' fees and costs from Defendants.

4. Subsequent to the filing of this action, Plaintiff may request this Court to authorize concurrent notice to all employees similarly situated to Plaintiff who are or were employed by Defendants during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1331(b), as the events or omissions giving rise to the claims alleged herein occurred in Hillsborough County, Florida.

## PARTIES

7. Plaintiff was and is a resident of Hillsborough County, Florida.

8. Defendant Prugh, Holliday & Karatinos, P.L. was and is a Florida limited liability corporation conducting business in Hillsborough County, Florida and subject to the requirements of the FLSA.

9. Defendants Timothy F. Prugh, James W. Holliday II and Theodore Karatinos were the owners and principals of Prugh, Holliday & Karatinos, P.L.

10. During the Liability Period, Defendants Timothy F. Prugh, James W. Holliday II and Theodore Karatinos acted directly in the interests of Prugh, Holliday & Karatinos, P.L., in relation to its employees, maintained operational control over Prugh, Holliday & Karatinos, P.L., and controlled significant functions of the business operations of Prugh, Holliday & Karatinos, P.L..

11. During the Liability Period, Defendants Timothy F. Prugh, James W. Holliday II and Theodore Karatinos exercised control over the terms and conditions of Plaintiff's employment and the employment of those similarly situated to Plaintiff, and over the terms and conditions of compensation of Prugh, Holliday & Karatinos, P.L. employees.

12. At all times material, Plaintiff and others similarly situated to Plaintiff were employees of Defendants pursuant to 29 U.S.C. § 203(e)(1), Defendants were the employer of Plaintiff and others similarly situated to Plaintiff within the meaning of 29 U.S.C. § 203(a) and (d), and Defendants employed Plaintiff and others similarly situated to Plaintiff within the meaning of 29 U.S.C. § 203(g).

**GENERAL ALLEGATIONS**

13. Prugh, Holliday & Karatinos, P.L. is a law firm.

14. Plaintiff and others similarly situated to Plaintiff were employed by Defendants during the Liability Period to work as paralegals.

15. Upon information and belief, Defendants had at least two employees.

16. Upon information and belief, Defendants do at least $500,000 a year in business.

17. Plaintiff and others similarly situated to Plaintiff were engaged in interstate commerce or in the production of goods for commerce.

18. Plaintiff and others similarly situated to Plaintiff performed duties as paralegals such that they did not satisfy the requirements for any of the exemptions set forth in the FLSA.

19. Plaintiff and others similarly situated to Plaintiff regularly worked in excess of forty (40) hours in a workweek while employed by Defendant.

20. Despite working in excess of forty (40) hours in a workweek, Plaintiff and others similarly situated to Plaintiff did not receive overtime payments at a rate not less than one and one-half (1 and 1/2) times their regular rate for such overtime hours.

21. Upon information and belief, there are numerous persons similarly situated to Plaintiff who are and were employed by Defendants during the Liability Period who worked in excess of forty (40) hours in a workweek.

22. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

23. Plaintiff demands a trial by jury on all claims alleged herein.

**COUNT I**
**VIOLATIONS OF THE OVERTIME REQUIREMENTS**
**<u>OF THE FLSA AS TO PLAINTIFF</u>**

24. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 23 as if fully restated herein.

25. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

26. Defendants violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff and all employees similarly situated who join in this action prays that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff,

d. award post-judgment interest, reasonable attorneys' fess and costs pursuant to 29 U.S.C. § 216(b);

e. authorize the issuance of notice at the earliest possible time to all employees similarly situated to Plaintiff who were employed by Defendants during the Liability Period; and

f. award all other relief as the Court deems just and appropriate.

**COUNT II**
**VIOLATIONS OF THE OVERTIME REQUIREMENTS OF THE FLSA**
**AS TO OTHERS SIMILARLY SITUATED TO PLAINTIFF**

27. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 23 as if fully restated herein.

28. Defendants' failure to provide to employees similarly situated to Plaintiff. overtime compensation at a rate not less than one and one-half (1 and 1/2) times their regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

29. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff prays on behalf of others similarly situated to Plaintiff that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to them;

c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to them;

d. award post-judgment interest, reasonable attorneys' fess and costs pursuant to 29 U.S.C. § 216(b); and

e. award all other relief as the Court deems just and appropriate.

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
rbarack@kscblaw.com
Sherwood S. Coleman
Florida Bar No. 0022632
scoleman@kscblaw.com
Kwall, Showers, Coleman & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff