**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHRISTINE SAHYERS,**

        **Plaintiff,**

**v.**                                              **Case No.  8:07-cv-52-T-30MAP**

**PRUGH, HOLLIDAY & KARATINOS,
P.L., et.al.,**

        **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Tax Attorney's Fees and Expenses (Dkt. 19), and the Responses (Dkts. 21 and 22) filed in opposition to the same by Defendants, Prugh, Holliday & Karatinos, P.L., Timothy F. Prugh, James W. Holliday, II, and Theodore Karatinos (collectively, "Defendants").  The Court, having reviewed the motions, responses, and supporting documentation, and having heard oral argument from the parties on January 24, 2007, determines that Plaintiff's Motion should be denied.

On October 5, 2007, upon notice that Plaintiff had accepted Defendants' Offer of Judgment, the Court entered final judgment against Defendants in the total amount of $3,500.00.  The Court granted Plaintiff twenty days to file a motion for attorneys fees and costs.  On October 25, 2007, Plaintiff filed the instant motion seeking $15,640.70 in fees and costs.

Defendants argue that Plaintiff is not entitled to fees and costs because she is not a prevailing party in this action, and thus not entitled to attorney's fees under the Fair Labor Standards Act, as amended, 29.U.S.C. § 201 *et seq.* (the "FLSA"). Defendants claim that by accepting a non-liability term contained in the Offer of Judgment, the Plaintiff agreed that Defendants were not liable for any wrongdoing. Moreover, Defendants claim that the Court's entry of judgment was not a judgment on the merits of Plaintiff's case, and that the legal relationship of the parties was not changed as a result.

The Court disagrees. In Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc., 298 F.3d 1238, 1239 (11th Cir. 2002), a plaintiff accepted the defendants' offer of judgment made pursuant to Rule 68 of the Federal Rules of Civil Procedure. The district court entered final judgment, and the plaintiff moved for attorney's fees, costs, and expenses incurred prior to service of the offer of judgment. Id. at 40. The district court granted the plaintiff's request for fees, but denied the request for costs because the underlying statute did not define costs to include attorney's fees. Id.

On appeal, the Eleventh Circuit considered (i) whether the offer of judgment unambiguously included attorney's fees, (ii) whether fees were available as "costs accrued" under Rule 68, or (iii) whether fees were available pursuant to any other relevant authority. Id. at 1243-44. Only the third question is relevant to the instant case.[1]

---

[1] Defendants' Offer of Judgment did not unambiguously include attorneys fees, and the FLSA does not define costs to include attorney's fees. Thus, the first two questions are not relevant to the instant case.

The plaintiff in <u>Utility Automotion</u> had filed suit, at least in part, to enforce the terms of a contract. <u>Id.</u> at 1248. The underlying contract provide for the award of attorney's fees to the "prevailing party" in any action to enforce the agreement. Thus, the Eleventh Circuit examined whether the plaintiff was a "prevailing party," and thus entitled to attorney's fees based on the contract. Noting that an offer of judgment "falls somewhere between a consent decree and the minimalist 'catalyst theory' the [Supreme Court] rejected in [<u>Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.</u>, 532 U.S. 598 (2001)]," the Eleventh Circuit stated that a Rule 68 judgment represents a "judicially sanctioned change in the relationship between the parties." <u>Id.</u> While the judgment in the instant case does not include an injunction, as did the judgment in <u>Utility Automation</u>, the Court concludes that Plaintiff is nevertheless a prevailing party under the FLSA.

The Court notes that the FLSA provides for a mandatory award of reasonable attorney's fees. 29 U.S.C. § 216(b). Nevertheless, there are "special circumstances" that can render such an award of attorney's fees unjust. <u>Goss v. Killian Oaks House of Learning</u>, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003). So called nuisance settlements represent such a circumstance. <u>Id.</u> Put another way, there are some cases in which a reasonable fee is no fee. Upon hearing oral argument of the parties, the Court concludes that this case is such a circumstance.

At no time prior to filing this lawsuit did Plaintiff make a written demand to Defendants for payment of the overtime compensation she now seeks. Furthermore, Plaintiff's attorney did not send Defendants a pre-suit demand letter prior to filing this

lawsuit. This Court is not ruling that a pre-suit letter is always required, but in this case, the Plaintiff's lawyer did not even make a phone call to try to resolve the issue before filing suit. The Defendant is a law firm. Prior to filing suit in this local area, it is still reasonable to pick up the phone and call another lawyer so it won't be necessary to file suit. The defense proffered by Plaintiff's lawyer for not doing so is that his client instructed him to file suit first and ask questions later.

This problem is not uncommon. In the context of an ADA rather than FLSA claim, Judge Presnell has noted:

> One might reasonably ask whether attorney's fees should be awarded where no effort is made pre-suit to obtain voluntary compliance. After all, if the litigation achieves no result other than that which could be accomplished by agreement, what social or economic value has been added by the lawyer's decision to file a suit without warning? Indeed, under this scenario, it would seem that litigation carries only negative economic value-it has accomplished nothing but expense and waste of precious judicial resources.

<u>Rodriguez v. Investco, L.L.C.</u>, 305 F. Supp. 2d 1278, 1282 n. 14 (M.D.Fla. 2004).[2] Absent any pre-suit demand, a defendant who unknowingly failed to compensate an employee for overtime would have no opportunity to voluntarily do so outside of litigation. As a result, such a defendant would be subject to additional litigation expenses and attorney's fees despite its good faith desire to properly compensate the employee. Furthermore, additional judicial time and resources would be spent on unnecessary litigation.

---

[2]The Courts notes that the award of attorneys fees under the ADA is not mandatory.

As Judge Moreno ruled in Goss, an FLSA case, the Court concludes that it would be unreasonable and unjust to force Defendants to pay any of Plaintiff's attorney's fees.[3] This Court refuses to reward unnecessary litigation. For the same reason, the Court also denies Plaintiff's request for reasonable costs and/or expenses. See Goss, 248 F. Supp. 2d. at 1169 (noting the district court has discretion to deny costs to a prevailing party provided it specifies the specific reasons for denying such costs). Despite the claim made by Plaintiff's counsel that his client did not want him to make a pre-suit demand, the Court reminds him that the lawyer is the officer of the Court, not the client. This court will not permit lawyers to file unnecessary litigation and palm it off on their clients.

It is therefore ORDERED AND ADJUDGED that

1. Plaintiff's Motion to Tax Attorney's Fees and Expenses (Dkt. 19) is **DENIED**.

2. All pending motions are denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on February 1, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
S:\Even\2007\07-cv-52.mt attorney fees.frm

---

[3]Judge Moreno further noted that the "strategy of 'shaking down' Defendants with nightmarishly expensive litigation solely in pursuit of attorney's fees must not be rewarded." Goss, 248 F. Supp. 2d at 1169. While the facts in the instant case are not as egregious as those in Goss, the underlying principle is the same.